**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES CAREY and DEBRA CAREY,

    Plaintiffs,

v.                              Case No. 3:22-cv-940-MMH-LLL

BENNETT TRUCK TRANSPORT, LLC, MATHEW LANCE DAVIS, individually and jointly, FIRST STRING SPACE, INC., and ACE TIRE AND AXLE, LLC,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on Defendant, Ace Tire and Axle, LLC's, Amended Motion to Dismiss Counts VII and VIII of Plaintiff's [sic] Second Amended Complaint (Doc. 47; Motion). In the Motion, Defendant Ace Tire and Axle, LLC (Ace) requests that the Court dismiss Counts VII and VIII of Plaintiffs James and Debra Carey's Second Amended Complaint (Doc. 41; Second Amended Complaint). See generally Motion. In support, Ace contends that Plaintiffs have failed to plead sufficient facts to plausibly state the claims they attempt to assert in those counts. See id. Plaintiffs timely filed a response in opposition to the Motion. See Plaintiffs' Response to Ace

Tire and Axle, LLC's Motion to Dismiss (Doc. 55; Response). Accordingly, this matter is ripe for review.

## I.  Legal Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, a plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The "plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted); see also BellSouth Telecomm., 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (citations and quotations omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 679. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

## II.   Background[1]

On May 28, 2020, Plaintiffs James Carey and Debra Carey were travelling northbound on I-95 in St. Johns County, Florida. See Second Amended Complaint ¶¶ 35, 39. On the southbound side of the highway, a tire became dislodged from a semi-truck carrying a "house trailer." Id. This tire

---

[1] In considering the Motion, the Court must accept all factual allegations in the Second Amended Complaint as true, consider the allegations in the light most favorable to the plaintiffs, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Second Amended Complaint, and may well differ from those that ultimately can be proved.

"traveled across the southbound lanes of I-95 into oncoming traffic," where it struck Plaintiffs' vehicle. Id. Both Plaintiffs "sustained permanent bodily injuries" from the accident. See id. ¶¶ 38, 42.

In seeking to recover damages for these injuries, Plaintiffs have brought claims of negligence against four Defendants. See generally id. Specifically, Plaintiffs sue Mathew Lance Davis, the driver of the semi-truck (Counts I and III); Bennett Truck Transport, LLC, the owner of the truck and trailer (Counts II and IV);[2] First String Space, Inc., the company that "assembl[ed] the undercarriage" of the trailer (Counts V and VI); and Ace Tire and Axle, LLC, the company that "manufactured, delivered, and assembled the axle wheel assembly for the tire that dislodged" (Counts VII and VIII). See generally id. With respect to the claims against Ace in Counts VII and VIII, Plaintiffs allege that Ace "breached the duty owed to [Plaintiffs] to exercise reasonable care and prudence while manufacturing the aforementioned wheel and axle hub assembly, causing the tire to become unfixed and collide with Plaintiff[s'] vehicle." See id. ¶¶ 37, 41.

---

[2] Plaintiffs' claims against Defendant Bennett Truck Transport, LLC are claims "for vicarious liability," but ultimately derive from "the negligence of" the semi-truck's driver. See id. ¶¶ 15–17.

### III. Discussion

In the Motion, Ace argues that Counts VII and VIII should be dismissed because Plaintiffs have failed to state claims for relief. Motion at 8.[3] In support, Ace contends that "none of the allegations" in these counts "satisfy the Iqbal and Twombly standard." See id. at 5. Specifically, Ace argues that "the [Second Amended] Complaint contains no allegations regarding the duties owed to Plaintiffs by [Ace], or the causal connection between the negligence and Plaintiffs' claimed damages." Id. at 7. Ace asserts that because Plaintiffs fail "to adequately allege any specific defect in the wheel and axle hub assembly, when said defect may have occurred in the chain of commerce, Plaintiffs' relationship to [Ace], or how any act or inaction by [Ace] caused Plaintiffs' injuries," Plaintiffs have "failed to state causes of action for negligence," and thus that Counts VII and VIII should be dismissed with prejudice. Id. at 8. In response to the Motion, Plaintiffs do not directly address Ace's arguments regarding the deficiency of their allegations. Instead, Plaintiffs attempt to distinguish the cases cited by Ace, and assert that "[t]he facts alleged in the Second Amended Complaint identify the specific wheel hub assembly that

---

[3] The claims in Counts VII and VIII are identical except that James Carey asserts the claim in Count VII while Debra Carey asserts the claim in Count VIII. See Second Amended Complaint ¶¶ 35–42. Accordingly, the Court will discuss these counts together in resolving the Motion.

caused the injury to Plaintiffs," and that "it was alleged to have been manufactured, delivered, or assembled by Ace." Response at 3.

"To assert a claim under Florida law for a product defect, whether the claim is for negligence or strict liability, a plaintiff must show (1) that a defect was present in the product; (2) that it caused the injuries complained of; and (3) that it existed at the time the retailer or supplier parted possession with the product."[4] Knepfle v. J-Tech Corp., 48 F.4th 1282, 1297 (11th Cir. 2022) (internal quotation marks omitted). Here, in the Second Amended Complaint, Plaintiffs fail to present any factual allegations to support a reasonable inference that there was a defect present in Ace's axle wheel assembly, let alone that such a defect existed at the time Ace parted possession with the product.

The factual allegations relevant to Plaintiffs' claims against Ace consist of the following: (1) Plaintiffs' vehicle was struck by a tire that dislodged from a semi-truck, (2) Ace "manufactured, delivered, and assembled the axle wheel assembly for" that tire, and (3) Plaintiffs both suffered bodily injuries as a result of the accident. See Second Amended Complaint ¶¶ 35–38, 39–42. While Plaintiffs attempt to bolster their claims with conclusory statements that Ace "breached the duty owed" to Plaintiffs, failed "to exercise reasonable care and prudence while manufacturing the aforementioned wheel and axle hub

---

[4] Plaintiffs do not contend that Ace is strictly liable for their injuries. See Second Amended Complaint at 11, 12 (asserting "Claim[s] for Negligence").

assembly," and thus "caus[ed] the tire to become unfixed," see id. ¶¶ 37, 41, such "'naked assertion[s]' devoid of 'further factual enhancement'" are simply legal conclusions, and thus are not entitled to a presumption of truth. See Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 557).

Accepting the factual allegations as true, Plaintiffs may have shown the possibility that Ace is liable, but they "stop[ ] short of the line between possibility and plausibility." See Twombly, 550 U.S. at 546. Under the circumstances of this case, the mere fact that Ace "manufactured, delivered, and assembled the axle wheel assembly," Second Amended Complaint ¶ 36, is insufficient to permit "the court to draw the reasonable inference that [Ace] is liable for" the damages caused when the tire separated from the axle wheel assembly. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see also Marzullo v. Crosman Corp., 289 F. Supp. 2d 1337, 1343 (M.D. Fla. 2003) (holding that, "as a matter of law," there could "be no products liability action on" the plaintiff's negligence claim without a "defect or unreasonably dangerous condition").

In the Second Amended Complaint, Plaintiffs fail to allege the existence of a defect in the axle wheel assembly, and present no facts supporting an inference of the existence of such a defect. They fail to allege that the defect existed when the product left Ace's possession, or any facts supporting an inference that it did. And, remarkably, Plaintiffs do not even present

allegations suggesting that a defect in the axle wheel assembly caused the tire's separation. They simply have not pled the elements of a viable claim against Ace in either Count, much less pled facts to support such a claim. Notably, when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added) (alteration in original) (quoting Federal Rule of Civil Procedure (Rule) 8(a)(2)). Because in Counts VII and VIII Plaintiffs' allegations do no more than show the possibility of Ace's negligence, Plaintiffs fail to state plausible claims for negligence. See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

In attempting to argue to the contrary, Plaintiffs first distinguish some of the cases Ace cites in the Motion because they were resolved at the summary judgment stage of the litigation process. See Response at 3. However, this does little to address Ace's legal argument. Although Ace does cite two cases which were resolved on summary judgment, it does so to identify the "'basic elements of a negligence cause of action'" and the specific showing a plaintiff must ultimately make "'[i]n order to prevail in a products liability action.'" See Motion at 6–7 (quoting Marzullo, 289 F. Supp. 2d at 1342, and Colville v. Pharmacia & Upjohn Co. LLC, 565 F. Supp. 2d 1314, 1320 (N.D. Fla. 2008)). Plaintiffs do not suggest that in the cases Ace cites, the courts incorrectly identified the elements of the negligence claims they seek to bring in Counts

- 8 -

VII and VIII. Nor do they explain why these same elements of the cause of action are not required to be considered regardless of whether a court is addressing a motion for summary judgment or a motion to dismiss.

Plaintiffs also attempt to distinguish the two pharmaceutical drug cases Ace cites because in them the court required the plaintiff to "identify the specific defect in each drug" and "pinpoint[ ] the specific defect," respectively. See Response at 3. However, Plaintiffs do not explain why this distinction should affect the resolution of Ace's Motion. A product such as an axle wheel assembly is undoubtedly different from a pharmaceutical drug, but this difference does not change what must be pled in order to state a products liability negligence claim. Compare Colville, 565 F. Supp. 2d at 1320 (in a products liability negligence case involving pharmaceutical drugs, reciting "'the basic elements of a negligence cause of action'" and requiring the plaintiff to "establish that the product was defective or unreasonably dangerous" (quoting Marzullo, 289 F. Supp. 2d at 1342)), with Marzullo, 289 F. Supp. 2d at 1342 (applying the same rules to a products liability negligence claim involving a BB gun).

Other than these perfunctory attempts to distinguish some of Ace's cited cases, Plaintiffs' only argument is that "common sense tells us it should be unnecessary to state the wheel axle was 'defective'" when they "alleged the fact that a tire came off said wheel and axle hub assembly, which was manufactured negligently by [Ace], and collided with Plaintiff's vehicle." Response at 4.

Plaintiffs cite no authority in support of the proposition that these conclusory allegations would be sufficient to state a plausible claim. Instead, they rely on the following quote from a Kentucky State Supreme Court decision issued in 1827:

> A bear well painted and drawn to life is yet the picture of a bear, although the painter may omit to write over it, "'"'"[sic] this is the bear." It is no more necessary to put the name of the action in a good declaration than to write Bear over a good picture of that beast.

See Response at 3 (quoting Prewitt v. Clayton, 21 Ky. 4, 5 (1827)). Plaintiffs appear to assert that their allegations are similarly sufficient without the need to explicitly state that the product was defective. Id. at 4. Not only does this argument misunderstand Ace's Motion, the analogy Plaintiffs attempt to draw by relying on the Kentucky case fails. As to the argument in Ace's Motion, Ace does not really argue that it is necessary for Plaintiffs "to state the wheel axle assembly was 'defective.'"[5] See Response at 4. Ace argues that the relevant factual allegations pleaded in Counts VII and VIII amount to "'unadorned, the-defendant-unlawfully-harmed-me accusation[s]'" which are insufficient to state a claim for relief. See Motion at 8 (alteration in original) (quoting Iqbal, 556 U.S. at 678). As to their attempted analogy to the Kentucky case, what

---

[5] Notably, a simple allegation that the axle wheel assembly was defective without supporting facts would likely be insufficient to salvage Plaintiffs' claims against Ace. As the Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Plaintiffs fail to appreciate is that unlike the declaration at issue in the Kentucky case, the problem with Plaintiffs' allegations is not that they failed to include the word "defect," or say "this is the defect"; the problem is that they have failed to paint the picture of a defect through any allegations of fact. And the allegations Plaintiffs do include in the Second Amended Complaint certainly cannot be described as a "good declaration" of a claim that the axle wheel assembly constituted a defective product. While Plaintiffs can allege a viable claim without using the word "defect," given the facts of this case, they cannot allege a plausible claim simply by saying that "a tire came off" and Ace manufactured the axle wheel assembly. See Jackson v. St. Jude Med. Neuromodulation Div., No. 2:14-cv-717-FtM-38DNF, 2015 WL 1456650, at *7–8 (M.D. Fla. Mar. 30, 2015) (determining that the plaintiff's "barebones allegations [were] the 'unadorned, the-defendant-unlawfully-harmed-me accusations' that the Supreme Court has held to be insufficient" (quoting Iqbal, 556 U.S. at 678)). They must plead facts supporting an inference that the axle wheel assembly was defective, the defect existed at the relevant time, and the defect caused the tire to dislodge. See Knepfle, 48 F.4th at 1297. This, Plaintiffs simply have not done.

Last, the Court notes that, while not entirely clear, Plaintiffs' argument that it should be common sense that the axle wheel assembly was defective suggests that they may seek to rely on the doctrine of res ipsa loquitur. See

Response at 4.  However, res ipsa loquitur is "merely a rule of evidence" that permits an inference of negligence.  McDougald v. Perry, 716 So. 2d 783, 785 (Fla. 1998) (quoting Marrero v. Goldsmith, 486 So. 2d 530, 531 (Fla. 1986)).  And it is available "in rare instances."  Id. (quoting Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So. 2d 1339, 1341 (Fla. 1978)).  As the Florida Supreme Court has explained, res ipsa loquitur

> provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided certain elements consistent with negligent behavior are present. Essentially the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control.

Id. (quoting Marrero, 486 So. 2d at 531).  Plaintiffs' threadbare allegations fall well short of suggesting that they might be able to rely on the doctrine of res ipsa loquitur in asserting a claim against Ace.  The Florida Supreme Court has said that "common sense dictates an inference that . . . a wheel on a truck's axle will stay with the truck unless there is a failure of reasonable care by the person or entity in control of the truck," id. at 786 (emphasis added).  But that says nothing about the manufacturer of the axle wheel assembly in this case, where there are no allegations of fact regarding the timing of the manufacture or sale of the axle wheel assembly in relation to the accident, or any allegations suggesting that the manufacturer was the "entity in control" of the axle wheel

assembly at the relevant time. As such, to the extent Plaintiffs attempt to rely on res ipsa loquitur to cure the deficiency in their pleading, doing so is unavailing.

Before dismissing Counts VII and VIII, the Court addresses Plaintiffs' contention that "[t]his case should be allowed to proceed to discovery and if an issue as to the manufacturing defect from [Ace] remains, such an issue should be sorted out at the summary judgment stage." Response at 4. The problem with this contention, of course, is that it puts the discovery cart before the pleading horse. Brown v. Crews, No. 3:13-cv-36-J-34PDB, 2015 WL 736191, at *5 (M.D. Fla. Feb. 20, 2015). It is true that the liberal pleading standard of the Rules does not require a plaintiff to develop all of the facts prior to filing a complaint and obtaining discovery, however even the liberal pleading standard "does not unlock the doors to discovery for a plaintiff armed with nothing more than conclusions." Samuel v. Bank of Am., No. 114-CV-00002-TCB-LTW, 2014 WL 12621239, at *3 n.3 (N.D. Ga. July 22, 2014) (citing Iqbal, 556 U.S. at 678–79), report and recommendation adopted, No. 1:14-CV-2-TCB, 2014 WL 12625094 (N.D. Ga. Aug. 11, 2014). A plaintiff must first be able to plead a plausible claim to relief. See United States v. Cuya, 964 F.3d 969, 973 (11th Cir. 2020) (acknowledging that in civil cases a party generally "may not seek discovery until after he has not only filed a complaint, but a well-pleaded one" (citing Iqbal, 556 U.S. at 678–79; Chudasama v. Mazda Motor Corp., 123 F.3d

1353, 1367 (11th Cir. 1997) (other citations omitted)). Indeed, the Supreme Court in <u>Twombly</u> expressly stated that a mere "formulaic recitation of the elements of a cause of action will <u>not</u> do." <u>Twombly</u>, 550 U.S. at 555 (emphasis added). Plaintiffs must plead sufficient facts in their Complaint to survive a motion to dismiss in order to proceed with discovery. As to the claims against Ace in Counts VII and VIII, they have not done so.

For all of the reasons discussed above, Ace's Motion is due to be granted. Because Plaintiffs have not stated facially plausible claims for relief against Ace in Counts VII and VIII, those counts are due to be dismissed.

Accordingly, it is

**ORDERED:**

1. Defendant, Ace Tire and Axle, LLC's, Amended Motion to Dismiss Counts VII and VIII of Plaintiff's [sic] Second Amended Complaint (Doc. 47) is **GRANTED**.

2. Counts VII and VIII of Plaintiffs' Second Amended Complaint (Doc. 41) are **DISMISSED**.

**DONE AND ORDERED** in Jacksonville, Florida this 27th day of October, 2023.

*[Signature: Marcia Morales Howard]*

**MARCIA MORALES HOWARD**
United States District Judge

lc31  
Copies to:  
Counsel of Record