# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JAMES CAREY and
DEBRA CAREY,

    Plaintiffs,

v.                                              Case No. 3:22-cv-940-MMH-LLL

FIRST STRING SPACE,
INC.,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court on Defendant First String Space, Inc.'s Motion for Final Summary Judgment and Incorporated Memorandum of Law (Doc. 70; Motion) filed by First String Space, Inc. (First String) on July 16, 2024. Plaintiffs James and Debra Carey (the Careys) filed a response on August 12, 2024. See Plaintiffs' Response to First String Space, Inc.'s Motion for Summary Judgment [DE 70] (Doc. 75; Response). First String then filed a reply. See Defendant's Reply in Support of Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 78; Reply), filed August 26, 2024. Accordingly, this matter is ripe for review.

**I. Background**[1]

What minimal discovery and admissions the parties have presented to the Court reveal the following facts. In May 2020, the Careys were driving north on I-95 when their vehicle was struck by a rogue wheel, which landed on and lodged into the front of their truck. Deposition of James Carey (Doc. 70 Ex. A; J. Carey Dep.) at 45;[2] Florida Traffic Crash Report (Doc. 75-1; Crash Report) at 2–3. The wheel had fallen off a tractor-trailer being driven southbound by Mathew Davis. Crash Report at 2–3. After the wheel came off of Davis's rig, it crossed the median into the northbound lanes, where it hit the Careys' vehicle. Id. The tractor, owned by Bennett Truck Transport, LLC (Bennett), was hauling a mobile office trailer manufactured by First String. Id. at 1; Defendant, Bennett Truck Transport, LLC's Responses to Plaintiffs' Interrogatories (Doc. 75-2; Bennett Interrogatories) at 2.[3] First String had ordered the wheel axle assembly from Ace Tire and Axel, LLC (Ace). Brandon Burkett's Affidavit in Support of Defendant First String Space, Inc.'s Motion for Final Summary Judgment (Burkett Affidavit; Doc. 70 Ex. C) at 2. And, First String attached the

---

[1] Unless otherwise noted, the facts recited herein are undisputed. For the purpose of summary judgment, the Court views all disputed facts and reasonable inferences in the light most favorable to the Careys. See Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (describing the summary judgment standard).

[2] Throughout this Order, citations to page numbers are to the page numbers generated by the Court's Electronic Filing System (CM/ECF).

[3] The Careys provide conflicting evidence about who owned the tractor. Compare Traffic Report at 1 (stating that Bennett owned the tractor) with Bennett Interrogatories at 2 (stating that Davis owned the tractor). Whatever dispute may exist regarding who owned the tractor is immaterial to resolving the Motion.

wheel axle assembly to the trailer without modifying it. Id. The Careys have little or no personal knowledge as to how the wheel came off. See J. Carey Dep. at 30 (James Carey saying that he doesn't "know anything about" how the tire became dislodged); Deposition of Debra Carey (Doc. 70 Ex. B; D. Carey Dep.) at 24 (Debra Carey saying that neither of them inspected the wheel or tried to determine what kind of vehicle it came from).

On July 27, 2022, the Careys sued Davis and Bennett in state court for injuries allegedly caused by the crash. Defendants' Notice of Removal of Florida State Court Litigation Pursuant to 28 U.S.C. §§ 1332(a) & 1441(b) (Doc. 1) at 1. Davis and Bennett removed the action to this Court. Id. On January 26, 2023, the Careys moved to add First String and Ace as additional Defendants. See Plaintiff's Motion for Leave to File Amended Complaint (Doc. 17; Motion for Amended Complaint) at 1–2. After about a year of litigation, on July 18, 2023, the Careys filed their Second Amended Complaint (the operative pleading) against Bennett, Davis, First String, and Ace (Doc. 41). The Court dismissed the claims against Ace for failure to state a claim on October 27, 2023. See Order of Dismissal (Doc. 58) at 14. Additionally, the Careys settled with Bennet and Davis in July 2024, and the Court then dismissed the claims against them. See generally Joint Stipulation for Order of Dismissal with Prejudice Pursuant to Rule 41 (Doc. 68); Order (Doc. 73). As such, the claims that are the subject of

the Motion are the claims in Counts V and VI of the Second Amended Complaint—the only claims still pending in the case.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[4] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting

---

[4] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 Advisory Committee's Note 2010 Amends.
> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id. "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013). Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

In citing to Campbell, the Court notes that it does not rely on unpublished opinions as binding precedent, but that they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Est. of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). For the moving party to meet its initial burden, it may "'point out to the district court … that there is an absence of evidence to support the nonmoving party's case.'" Gonzalez v. Lee Cnty. Housing Auth., 161 F.3d 1290, 1294 (11th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)) (alteration omitted). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

"If the non-moving party fails to 'make a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' then the court must enter summary judgment for the moving party." Gonzalez, 161 F.3d at 1294 (quoting Celotex, 477 U.S. at 323). In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

### III. Discussion

The Careys each assert a single negligence claim against First String. Second Amended Complaint at 8–11. They allege that First String "was negligent in that [it] engaged in faulty assembly of the undercarriage trailer and mobile office[.]" Id. ¶¶ 27, 31. First String argues in the Motion that the Careys "cannot produce evidence demonstrating" the required elements of a claim of negligence: duty, breach, and causation. Motion at 8. In the Response, the Careys admit that "there is no record evidence, no direct proof, of negligence," and argue instead that the undisputed facts establish a prima facie case of negligence under the doctrine of res ipsa loquitur. See Response at 3–6. First String argues in the Reply that res ipsa loquitur is unavailable to the Careys primarily because they have failed to satisfy the first and third elements of the doctrine. Reply at 6. For the reasons that follow, the Motion is due to be

granted because the record establishes that the Careys cannot present evidence supporting a prima facie case of negligence. This is so because they acknowledge they have no direct evidence of negligence and the undisputed material facts do not support the application of the doctrine of res ipsa loquitur.

Under Florida law, a plaintiff must prove four elements to prevail on a negligence claim:

> "1. A duty, or obligation, recognized by the law, requiring the [defendant] to conform to a certain standard of conduct, for the protection of others against unreasonable risks.
>
> 2. A failure on the [defendant's] part to conform to the standard required: a breach of the duty[.]
>
> 3. A reasonably close causal connection between the conduct and the resulting injury. This is what is commonly known as 'legal cause,' or 'proximate cause,' and which includes the notion of cause in fact.
>
> 4. Actual loss or damage[.]"

Clay Elec. Coop., Inc. v. Johnson, 873 So. 2d 1182, 1185 (Fla. 2003) (quoted authority omitted) (first and second alterations in original). Res ipsa loquitur is "a rule of evidence" that permits an inference of negligence. McDougald v. Perry, 716 So. 2d 783, 785 (Fla. 1998) (quoting Marrero v. Goldsmith, 486 So. 2d 530, 531 (Fla. 1986)). However, it is available "in rare instances." Id. (quoting Goodyear Tire & Rubber Co. v. Hughes Supply, Inc., 358 So. 2d 1339, 1341 (Fla. 1978)). The Florida Supreme Court has explained that res ipsa loquitur

> provides an injured plaintiff with a common-sense inference of negligence where direct proof of negligence is wanting, provided

>certain elements consistent with negligent behavior are present. Essentially the injured plaintiff must establish that the instrumentality causing his or her injury was under the exclusive control of the defendant, and that the accident is one that would not, in the ordinary course of events, have occurred without negligence on the part of the one in control.

Id. (quoting Marrero, 486 So. 2d at 531).

As the parties agree, see Response at 3–4; Reply at 5, under Florida law, the applicability of the doctrine of res ipsa loquitur depends on the Careys' ability to establish three elements: (1) "direct proof of negligence is wanting"; (2) the instrumentality causing the injury was "under the exclusive control of the defendant"; and (3) "the accident is one that would not, in the ordinary course of events, have occurred without" the defendant's negligence. Goodyear, 358 So. 2d at 1341–42. To receive the benefit of the permissive res ipsa loquitur inference of negligence, the plaintiff must show evidence of each of the three elements. See City of New Smyrna Beach Utils. Comm'n v. McWhorter, 418 So. 2d 261, 263 (Fla. 1982) ("The [plaintiffs] … failed to allege, much less prove, any of the [elements]. …. By so limiting their presentation of evidence, the [plaintiffs] failed to carry their initial burden of proof and neglected to demonstrate the necessary elements of the doctrine. This oversight alone precludes application of res ipsa loquitur and proves fatal to their cause.").

Turning to the requirements of the first element of the doctrine, a plaintiff must establish that "direct proof of negligence is wanting." Goodyear, 358 So.

2d at 1341–42. In other words, the question is whether there is sufficient evidence available to the plaintiff to permit the plaintiff to establish the elements of negligence. Compare McDougald, 716 So. 2d at 787 (permitting a res ipsa loquitur instruction when "there was insufficient evidence available to [the plaintiff]" and "[t]he likely cause of th[e] accident, the chain and securing device, were in the exclusive possession of [the defendants] and were not preserved") with Goodyear, 358 So. 2d at 1342 (refusing to permit a res ipsa loquitur instruction when "the facts surrounding the incident were discoverable and provable"). Importantly, a plaintiff bears the burden of showing the unavailability of evidence of negligence, not just the absence of evidence in the record. City of New Smyrna Beach, 418 So. 2d at 262 (noting that only after a plaintiff carries the burden of proof as to each requisite element of the doctrine may the court permit consideration of the res ipsa loquitur inference). Indeed, res ipsa loquitur does not provide a shortcut past discovery and straight to the jury box; instead, the doctrine gives a plaintiff the chance to make it to the jury in the rare case where reasonable discovery efforts have yielded nothing. See, e.g., Morhardt v. Carnival Corp., 304 F. Supp. 3d 1290, 1297–98 (S.D. Fla. 2017) (granting summary judgment in the defendant's favor when "a proper investigation of the allegations in the Complaint might have produced direct

evidence of [the defendant's] alleged negligence") (abrogated on other grounds by Tesoriero v. Carnival Corp., 965 F.3d 1170, 1181–82 (11th Cir. 2020)).[5]

Here, First String satisfied its initial burden by demonstrating the "absence of evidence to support [the Careys'] case." See Gonzalez v. Lee Cnty. Housing Auth., 161 F.3d 1290, 1294 (11th Cir. 1998) (quoted). First String provided the Careys' depositions, in which the Careys offer no personal knowledge as to the cause of the wheel becoming detached. See J. Carey Dep. at 30; D. Carey Dep. at 24. First String also provided an affidavit from a First String employee who states that First String attached the wheel axle assembly to the trailer unmodified. Burkett Affidavit at 2. The Careys do not attempt to rebut First String's evidence by providing their "own affidavits, … depositions, answers to interrogatories, and admissions … [that] designate specific facts showing that there is a genuine issue for trial." See Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (quoted) (internal citations and quotation marks omitted). Instead, the Careys admit that "there is no record evidence, no direct proof, of negligence causing the wheel to become dislodged." Response at 4. Thus, as to the element of breach, the Careys "fail[ ] to make a

---

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

sufficient showing on an essential element … with respect to which [they] ha[ve] the burden of proof." See Gonzalez, 161 F.3d at 1294 (quoted).

Instead of pointing to any evidence that would be sufficient to establish the essential elements of negligence, the Careys seek to show a triable issue as to the elements of res ipsa loquitur. But the Careys again fail to produce any evidence to satisfy an essential element: that "direct proof of negligence is wanting." See Goodyear, 358 So. 2d at 1341 (quoted). Their entire argument as to this element consists of the statement that "there is no record evidence, no direct proof, of negligence causing the wheel to become dislodged." Response at 4. But the Careys' burden as to the first element is not satisfied by pointing to an empty record; rather, to prevail, they must show that "there was insufficient evidence available" to them. See McDougald, 716 So. 2d at 787 (quoted). This, they have not done. The Careys do not provide any evidence that interrogatories were left unanswered. They do not provide any evidence that First String's representatives—or any other deposable person—could not be deposed. They do not provide any evidence that the truck, tractor, trailer, wheel, axle assembly, or any other object could not be inspected by them or by a chosen expert. Nor do they suggest that First String or any other Defendant hindered their discovery efforts. Indeed, on this record, it is unclear what, if any, efforts (aside from serving the Bennett Interrogatories) the Careys made to identify proof of negligence much less determine how or why the wheel became dislodged.

The evidence of record does not suffice to create a triable issue as to the breach of duty by First String, an "essential element of [their] case … with respect to which [they] ha[ve] the burden of proof[.]" See Gonzalez, 161 F.3d at 1294 (quoted). Accordingly, the Careys have not met their burden under Rule 56. Moreover, the evidence simply does not support a conclusion that potential evidence of negligence either did not exist or was unavailable to the Careys.[6] As such, the Careys cannot benefit from the permissive inference of negligence that arises from the application of the doctrine of res ipsa loquitur. See Goodyear, 358 So. 2d at 1342. Because the Careys acknowledge that there is no affirmative evidence of First String's negligence, and no other basis for a jury to find First String liable has been offered, summary judgment is due to be entered in favor of First String. As such, the Motion is due to be granted.

Accordingly, it is

**ORDERED:**

1. Defendant First String Space, Inc.'s Motion for Final Summary Judgment and Incorporated Memorandum of Law is **GRANTED**.

---

[6] The Careys also argue that res ipsa loquitur is appropriate because the second and third elements are satisfied. But, because applying res ipsa loquitur requires the Careys to meet all three elements, the Court finds it unnecessary to address these arguments.

2. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant First String Space, Inc. and against James and Debra Carey.

3. The Clerk of the Court is further **directed** to terminate any pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of September, 2024.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record